UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH LYNN GUTIERREZ,<br><br>   Plaintiff,<br><br>   v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>   Defendant. | Case No.14-cv-00230-SVK<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 20, , 21 |

Plaintiff Deborah Lynn Gutierrez appeals a final decision of the Commissioner of Social Security denying her application for a period of disability and disability insurance benefits under Title II of the Social Security Act. Plaintiff presents three issues for review: (1) Plaintiff asserts that the Administrative Law Judge's ("ALJ") determination of Plaintiff's residual functional capacity was erroneous because the ALJ gave too little weight to the medical opinion of Plaintiff's treating physician, Victor D. Contreras, M.D., and too much weight to the medical opinion of an independent medical expert, Eric D. Schmitter, M.D.; (2) Plaintiff asserts the ALJ erred in analyzing the appropriate factors when assessing Plaintiff's credibility; and (3) Plaintiff argues that the ALJ's determinations concerning her ability to do her past relevant work or other work are not supported by substantial evidence. Plaintiff's Motion for Summary Judgment, ECF 20 ("Pl. MSJ") at 6. Before the Court are the parties' cross-motions for summary judgment. *See id.*; Defendant's Motion for Summary Judgment, ECF 21 ("Def. MSJ"). Having considered the cross-

motions for summary judgment,[1] the relevant law, and the record in this case, the Court finds that the ALJ applied the proper legal standards and that his determinations are supported by substantial evidence. The Court therefore DENIES Plaintiff's motion for summary judgment and GRANTS Defendant's motion for summary judgment.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff seeks disability benefits for the period from January 1, 2005 to September 30, 2007, the last day she was eligible to receive Social Security disability benefits. At the alleged onset date of January 1, 2005, Plaintiff was 51 years old. Administrative Record ("AR") 166. Plaintiff has an 11th grade education. AR 187. She reported past work as a cashier, limo driver, and truck driver. AR 188. On June 28, 2005, Plaintiff began treating with Dr. Contreras for neck pain. AR 334; *see also* Pl. MSJ at 7.[2] Plaintiff continued to see Dr. Contreras regularly throughout the period for which she claims disability and for several years after her last insured date. AR 301-334.

Plaintiff filed a claim for disability benefits in 2011. *See* AR 166-172. After her claim was denied initially and upon reconsideration, she requested a hearing before an ALJ. AR 120-153. The ALJ held a hearing on April 15, 2013, at which Plaintiff testified and was represented by an attorney. *See* AR 63-79. On June 28, 2013, the ALJ issued a decision finding that Plaintiff was not disabled. AR 23-35. The Appeals Council denied Plaintiff's request for review of the ALJ's determination. AR 5-10.

---

[1] This matter was submitted without oral argument pursuant to Civil Local Rule 16-5.

[2] Plaintiff's motion also indicates that at various times she experienced depression and carpal tunnel syndrome. *See, e.g.,* Pl. MSJ at 8-9. The ALJ's decision concluded, based on the medical evidence, that Plaintiff had no medically determinable impairment related to carpal tunnel syndrome prior to the date last insured and no severe impairment related to depression. AR 29. Plaintiff does not challenge those findings in this action. *See generally* Pl. MSJ at 6 (issues presented for review).

Following the decision of the Appeals Council, Plaintiff filed a timely civil action in this Court. *See* ECF 1; AR 1-2. All parties have consented to the jurisdiction of a magistrate judge. ECF 11, 14.

## II. LEGAL STANDARDS

### A. Standard of Review

This Court has the authority to review the Commissioner's decision to deny disability benefits, but "a federal court's review of Social Security determinations is quite limited." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015); *see also* 42 U.S.C. § 405(g). Federal Courts "leave it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record." *Brown-Hunter*, 806 F.3d at 492 (internal quotation marks and citation omitted).

The Commissioner's decision will be disturbed only if it is not supported by substantial evidence or if it is based on the application of improper legal standards. *Id.* at 492. "Substantial evidence" means more than a mere scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1002 (9th Cir. 2015) (internal quotation marks and citations omitted). The Court "must consider the evidence as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Id.* (internal quotation marks and citation omitted). Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the ALJ's findings if supported by inferences reasonably drawn from the record. *Id.*

Even if the ALJ commits legal error, the ALJ's decision will be upheld if the error is harmless. *Brown-Hunter*, 806 F.3d at 492. But "[a] reviewing court may not make independent findings based on the evidence before the ALJ to conclude that the ALJ's error was harmless." *Id.*

The Court is "constrained to review the reasons the ALJ asserts." *Id.* (internal quotation marks and citation omitted).

### B. Standard for Eligibility for Disability Benefits

Disability benefits are available under Title II of the Social Security Act when an eligible claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

To determine whether a claimant is disabled, the ALJ is required to employ a five-step sequential analysis, determining: (1) whether the claimant is doing substantial and gainful activity; (2) whether the claimant has a severe medically determinable physical or mental impairment or combination of impairments that has lasted for more than 12 months; (3) whether the impairment meets or equals one of the listings in the regulations; (4) whether, given the claimant's residual functional capacity (*i.e.,* what a claimant can still do despite her limitations), the claimant can still do her past relevant work; and (5) whether the claimant can make an adjustment to other work. *Ghanim v. Colvin*, 763 F.3d 1154, 1160 and n.5 (9th Cir. 2014). The burden of proof is on the claimant at steps 1 through 4, but shifts to the Commissioner at step 5. *Bray v. Commissioner of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009).

### III. DISCUSSION

The ALJ employed the established five-step framework for evaluation of disability claims and found as follows:

- **Step 1:** The ALJ found that Plaintiff did not engage in substantial gainful activity from the alleged onset date of January 1, 2005 through her last-insured date of September 30, 2007. AR 28.

-4-

- **Step 2**: The ALJ concluded that Plaintiff had "neck pain with history of 3mm disc herniation and pain disorder" that qualified as a severe impairment under 20 C.F.R. 404.1520(c). *Id*.

- **Step 3:** The ALJ held that through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 405, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, and 404.1526).  AR 29.

- **Step 4:** The ALJ determined that through the date last insured, Plaintiff "had the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) except:  lift/carry 20 pounds occasionally, 10 pounds frequently; and sit/stand/walk 8 hours of an 8-hour day." AR 29-31.[3]  The ALJ concluded that Plaintiff could perform her past relevant work as a cashier.  AR 31.

- **Step 5:**  As an alternative to his finding about Plaintiff's past relevant work at step 4, the ALJ concluded that there were other jobs that Plaintiff could have performed.  AR 31-32.

Plaintiff asserts error with respect to the ALJ's determination of her residual functional capacity, his determination as to Plaintiff's credibility, and his rulings on steps 4 and 5.  Plaintiff does not seek review of the ALJ's rulings on steps 1 or 2 or his step 3 determination that Plaintiff's impairment was not among those listed in 20 CFR Part 405, Subpart P, Appendix 1.

### A. The ALJ's Evaluation of the Medical Evidence

Plaintiff argues that the ALJ gave too little weight to a 2012 disability opinion offered by her treating physician, Dr. Contreras, and too much weight to the opinion of medical expert

---

[3] To the extent this finding by the ALJ is ambiguous due to the use of the word "except," the Court concludes that the word "except" is a typographical error.  The ALJ makes clear elsewhere in his decision that Plaintiff could perform "light work," which "requires a maximum lifting of only 20 pounds."  AR 31-32.

witness Eric Dean Schmitter, M.D. Pl. MSJ at 12-18. Specifically, Plaintiff contends that the ALJ should have determined that she had a number of restrictions identified by Dr. Contreras in a 2012 opinion. *Id.* at 14-15.

In social security disability cases, "[t]he ALJ must consider all medical opinion evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Generally, the opinion of a treating physician is entitled to more weight than the opinion of an examining physician, and more weight is given to the opinion of an examining physician than a non-examining physician. *Ghanim*, 763 F.3d at 1160. Where a treating physician's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record, it must be given controlling weight. 20 C.F.R. § 404.1527(c)(2).

The ALJ must provide clear and convincing reasons, supported by substantial evidence, for rejecting the uncontradicted opinion of treating physicians. *Ghanim*, 763 F.3d at 1160*; see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (holding that ALJ can reject uncontradicted treating physician's opinion "by setting out a detailed and thorough summary of the facts and conflicting medical evidence, stating his own interpretation thereof, and making findings") (internal quotation marks and citation omitted). Where contradicted, the opinions of treating physicians may be rejected only for "specific and legitimate reasons that are supported by substantial evidence." *Ghanim*, 763 F.3d at 1160.

An ALJ need not accept a treating physician's opinion, however, if it is "brief, conclusory, and inadequately supported by clinical findings." *Thomas*, 278 F.3d at 957. Similarly, an inconsistency between the treating physician's opinion and his own clinical findings provides a specific and legitimate reason to discount the physician's opinion. *See Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995) (ALJ gave clear and convincing reasons for rejecting treating physician's conclusion that the plaintiff was totally disabled where, among other things, the

treating physician's total disability conclusion was contradicted his own contemporaneous finding that the plaintiff was only temporarily disabled)).

Here, Plaintiff argues that the ALJ erred by according the 2012 opinion of treating physician Dr. Contreras "little weight." Pl. MSJ at 12; *see also* AR 30. To begin, it should be noted that the ALJ's determination concerning Plaintiff's residual functional capacity was not entirely inconsistent with Dr. Contreras' 2012 opinion. The ALJ's finding that Plaintiff could sit/stand/walk 8 hours of an 8-hour day (AR 29) is supported by Dr. Contreras' response to the Residual Functional Capacity Questionnaire, which stated that Plaintiff could sit for 8 hours and could stand/walk for 1 hour in an 8-hour workday. AR 240 (question 8). The ALJ also found that Plaintiff could lift/carry 20 pounds occasionally and 10 pounds frequently. AR 29. Dr. Contreras did not respond as to whether Plaintiff was able to lift/carry weights of 10 or 20 pounds either frequently, occasionally, or never (although he indicated that Plaintiff could lift/carry less than 10 pounds occasionally). AR 241.

Dr. Contreras' 2012 opinion did identify other restrictions that the ALJ did not incorporate in his findings on residual functional capacity, such as opinions about Plaintiff's need for breaks and limitations on use of her hands, fingers, and arms. *See* AR 240-41. The ALJ explained that he gave Dr. Contreras' 2012 opinion little weight overall because the "severe limitations" described in that opinion "are inconsistent with the treatment notes from the relative [sic] time period [January 2005-September 2007] showing that the claimant's pain symptoms were adequately controlled with her pain medication." AR 31. The ALJ explained that Dr. Contreras' treatment records from the relevant time period showed that Plaintiff "was treated with pain medication … at about the same dosage for the next two years" and that Dr. Contreras "regularly reported that this medication provided adequate analgesia for the claimant's pain and that the claimant had positive activities of daily living." AR 30.

The ALJ's findings on Plaintiff's residual functional capacity are supported by substantial evidence. Dr. Contreras treated Plaintiff 28 times in the 33 months between January 1, 2005 and September 30, 2007, the period for which Plaintiff seeks disability benefits. AR 318-334. Dr. Contreras' contemporaneous treatment notes, which repeatedly and consistently stated that Plaintiff could engage in the activities of daily living while on pain medication, do not support most of the limitations identified in his 2012 opinion. *See* AR 240-241 items 5, 7, 8, 9, and 12. In addition, as Plaintiff acknowledges, *see* Pl. MSJ at 10, it is unclear whether Dr. Contreras' 2012 opinion related to the 2005-07 time frame for which Plaintiff seeks disability benefits, given that Dr. Contreras continued to treat Plaintiff for years after her last-insured date of September 30, 2007. *See* AR 301-318. The ALJ was justified in concluding that Dr. Contreras' 2012 opinion contradicted his treatment notes and affording his overall opinions less weight. *See Johnson v. Shalala*, 60 F.3d at 1433 (upholding ALJ's rejection of treating physician's conclusion that the plaintiff was totally disabled that contradicted his own contemporaneous finding that the plaintiff was only temporarily disabled); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692-93 (9th Cir. 2009) (contradiction between treating physician's opinion and his treatment notes constitutes specific and legitimate reason for rejecting opinion); *Houghton v. Comm'r Soc. Sec. Admin.*, 493 F. App'x 843, 845 (9th Cir. 2012) (holding that ALJ's finding that doctors' opinions were "internally inconsistent, unsupported by their own treatment records or clinical findings, [and] inconsistent with the record as a whole" constituted specific and legitimate bases for discounting them).

Although the ALJ's decision does not specifically mention records of Plaintiff's orthopedic evaluation by Dale H. Van Kirk, M.D., on July 31, 2011, those records provide additional support for the ALJ's conclusions. *See* AR 236-239. Dr. Van Kirk's well-documented evaluation led him to conclude that Plaintiff could lift/carry up to 20 pounds occasionally and 10 pounds frequently, and could stand/walk for up to 4 hours and sit for up to 6 hours in an 8-hour workday. AR 239.

-8-

The ALJ's determination of Plaintiff's residual functional capacity is consistent with Dr. Van Kirk's opinion.

Plaintiff's assertions of error concerning the ALJ's reliance on the opinions of medical expert Dr. Schmitter do not change the conclusion that the ALJ properly weighed the medical evidence. Dr. Schmitter opined that Plaintiff could lift/carry 20 pounds occasionally and 10 pounds frequently and sit, stand, or walk for a total of 8 hours a day. AR 253-254. Dr. Schmitter's opinion thus supported the ALJ's residual functional capacity finding. For the reasons discussed explained above, the ALJ was not required to give Dr. Contreras' 2012 opinion greater weight than the opinion of Dr. Schmitter. Plaintiff argues that Dr. Schmitter may not have had access to Plaintiff's MRI and other medical records, but even if the ALJ had ignored Dr. Schmitter's opinion, he still would have been justified in determining that Plaintiff was not entitled to disability benefits. Plaintiff bears the ultimate burden of proving that she is disabled. *Johnson*, 60 F.3d at 1432. As discussed above, the ALJ was entitled to conclude that Dr. Contreras' 2012 opinion was insufficient to satisfy plaintiff's burden.

Plaintiff also argues that the ALJ had a duty to clarify the record by contacting Dr. Contreras to ask what he meant by his repeated notations in the contemporaneous treatment records that methadone offered Plaintiff "adequate analgesia." *See* Pl. MSJ at 17. But the obligation to further develop the record "is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). Plaintiff cannot shift the burden of proving that she is disabled to the ALJ by arguing that he should have developed the record further. *Id.* Here, the plain and ordinary meaning of "adequate analgesia" is sufficiently clear, and the ALJ did not err by not seeking to further develop the record.

The Court finds that the medical evidence supports the ALJ's conclusion regarding Plaintiff's residual functional capacity.

### B. The ALJ's Evaluation of Plaintiff's Credibility

The ALJ found that Plaintiff's statements "concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely credible for the reasons explained in this decision." AR 30. Plaintiff argues that this determination was not supported by substantial evidence. Pl. MSJ at 18.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Ghanim*, 763 F.3d at 1163 (internal quotation marks and citation omitted). Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives specific, clear and convincing reasons for the rejection." *Id.* (internal quotation marks and citation omitted). General findings are insufficient; rather, "the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas*, 278 F.3d at 958. Factors the ALJ may consider in making an adverse credibility determination include (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between her testimony and her conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Id.* at 958-59.

The ALJ offered specific, clear, and convincing reasons for discounting Plaintiff's testimony concerning her symptoms. For example, he noted Plaintiff's multiple statements that methadone treatment helped relieve pain. AR 30; *see also* AR 72 (testimony by Plaintiff that methadone "[d]efinitely, yes" helped to relieve the pain). This finding was supported by repeated and consistent notations by Dr. Contreras in his treatment notes that Plaintiff was experiencing

-10-

adequate analgesia. *See* AR 318-329. An ALJ may rely on the effectiveness of treatment to support an adverse credibility finding. *See Morgan v. Commissioner of the SSA*, 169 F.3d 595, 599-600 (9th Cir. 1999).

The ALJ also noted that in November 2007, Plaintiff reported that she was going on a two-week vacation to Oregon. AR 29. Plaintiff's vacation occurred shortly after her last insured date and provides evidence that further undermines Plaintiff's later testimony about the intensity, persistence, and limiting effects of her neck pain in the relevant time period.

The ALJ's credibility finding is also reinforced by his conclusion that medical evidence did not support the degree of Plaintiff's reported symptoms. AR 30. The lack of objective medical evidence supporting a plaintiff's subjective complaints cannot serve as the sole basis for discounting pain testimony, but it is one factor that an ALJ can consider. *Burch v. Burnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

Because the ALJ set forth valid reasons for finding that Plaintiff's symptom testimony was "not entirely credible," all supported by substantial evidence in the record, the Court finds that the ALJ properly evaluated the credibility of Plaintiff's subjective complaints.

**C.    The ALJ's Step 4 and Step 5 Analysis**

    **1.    Plaintiff's past relevant work**

At step 4, the ALJ must consider whether Plaintiff has the residual functional capacity to perform the requirements of her past relevant work. 20 C.F.R. § 404.1520(e), (f). Not all prior employment qualifies as "past relevant work" for purposes of step 4. "Past relevant work" means jobs performed within a 15-year period before the claimant's disability. Soc. Sec. Ruling 82-62; *see also* 20 C.F.R. § 404.1565. The work must have "lasted long enough for [the claimant] to learn to do it," and it also must have been "substantial gainful activity" ("SGA"). 20 C.F.R. §§ 404.1560(b)(1); 404.1565. SGA is work done for pay or profit that involves significant mental or physical activities. 20 C.F.R. § 404.1572. For 2004, the year before Plaintiff claims she

became disabled, a person earning less than a monthly average of $810 was generally considered not to be involved in SGA. 20 C.F.R. § 404.1574(b)(3); *see also* https://www.ssa.gov/oact/cola/sga.html.

The ALJ held that Plaintiff "has past relevant work as a cashier." AR 31 (citing Ex. 3E at 4). The evidence cited by the ALJ for this finding was a work history report filed by Plaintiff, in which she reported that she had worked for two years as a cashier for Cambria Coffee. AR 192-196. But records of Plaintiff's earnings, which were also in the record, indicate that Plaintiff earned only $744 in 2003 and $740 in 2004—or less than $62 per month on average—working as a cashier. AR 177-178. These earnings are below the amounts that would give rise to a presumption that Plaintiff's work as a cashier was SGA and that it therefore qualified as past relevant work. Instead, these low earnings give rise to a presumption that shifts the burden of proof to the Commissioner at step 4 to identify "substantial evidence, aside from earnings, that the claimant has engaged in substantial gainful activity." *See Lewis v. Apfel*, 236 F.3d 503, 515 (9th Cir. 2001).

Although the ALJ may, in some circumstances, consider information other than earnings to determine whether a claimant engaged in SGA, *see* 20 C.F.R. § 404.1574(b)(3)(ii), to facilitate meaningful judicial review, the ALJ is required to make explicit findings as to why the claimant's previous work constituted SGA despite earnings that fell below the presumptive SGA level. *See Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001).

Here, the ALJ erred by failing to make any findings as to why Plaintiff's previous work as a cashier was SGA. Thus, the ALJ's finding at step 4 that Plaintiff could perform her past relevant work as a cashier was not supported by substantial evidence. As discussed below, however, this error was harmless in light of the ALJ's finding that Plaintiff could do other jobs.

### 2. Alternative finding of other jobs

As an alternative to his finding at step 4 that Plaintiff could perform her past relevant work as a cashier, the ALJ determined at step 5 that "there are other jobs existing in the national economy that she is also able to perform." AR 31. In reaching this conclusion, the ALJ relied upon the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpart P, App. 2 (commonly referred to as "the grids"), rather than the testimony of a vocational expert. *Id.* Plaintiff asserts that she suffered from non-exertional limitations that made reliance on the grids inappropriate. Pl. MSJ at 20.

At step 5, the ALJ must consider whether the claimant is able to do any other work considering her residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(g). Whereas the claimant bears the burden of proof at the other steps and continues to bear the ultimate burden of proving disability, at step 5, the burden shifts to the Commissioner to provide evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given her residual functional capacity, age, education, and work experience. *See* 20 C.F.R. § 404.1560(c). There are two ways for the Commissioner to meet this burden: (1) by the testimony of a vocational expert, or (2) by reference to the grids. *Tackett v. Apfel*, 180 F.3d 1094, 1100-01 (9th Cir. 1999).

Which approach is available depends on whether the claimant's limitations are exertional or non-exertional. "Where a claimant suffers only exertional limitations, the ALJ must consult the grids." *Lounsburry v. Barnhart*, 468 F.3d 1111, 1115 (9th Cir. 2006). By contrast, if a claimant's limitations are completely non-exertional, the grids are not applicable, and the ALJ must rely exclusively on other evidence in determining whether there are jobs in the national economy that the claimant can perform. *Id.* If the claimant suffers from both exertional and non-exertional limitations, the ALJ must look at the grids first; if the grids do not classify the claimant as disabled, the ALJ must then rely on other evidence to examine separately the claimant's non-

exertional limitations. *Id.* at 1115-16. If a claimant's non-exertional limitations do not significantly limit the range of work permitted by her exertional limitations, the testimony of a vocational expert is not required. *See, e.g., Hoopai v. Astrue*, 499 F.3d 1071, 1076-77 (9th Cir. 2007) (upholding ALJ's determination that claimant's depression did not require testimony of vocational expert because it did not significantly limit his abilities beyond his exertional limitations).

Exertional limitations are defined as those that affect a claimant's "ability to meet the strength demands of jobs." 20 C.F.R. §404.1569a(a). The grids categorize exertional limitations into "sedentary work," "light work," and "medium work." 20 C.F.R. pt. 404, subpart P, App. 2. Each of these designations is based on the ability of the claimant to lift and carry items of varying weight and frequency throughout the day. For example, "light work" involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. § 404.1557. Non-exertional limitations are those that do not direct affect strength, but instead affect a claimant's ability to meet other demands of a job, *i.e.*, impairments that interfere with an individual's ability to work, whether or not she is exerting herself. 20 C.F.R. § 404.1559a(c). Examples of non-exertional limitations are pain, postural limitations, or environmental limitations." *Tackett v. Apfel*, 180 F.3d 1094, 1102 (9th Cir. 1999).

Here, the ALJ concluded that Plaintiff had limitations concerning her ability to lift/carry certain weights and sit/stand/walk for 8 hours of an 8-hour workday. AR 29. As discussed above, these findings were supported by substantial evidence. All of these limitations are exertional limitations. *See* 20 C.F.R. § 404.1569a(b) (defining exertional limitations as *"*strength demands of jobs (sitting, standing, walking, lifting, carrying, pushing, and pulling")). Plaintiff therefore had no non-exertional limitations that precluded the ALJ from relying on the grids to determine at step 5 whether Plaintiff was able to perform other work. *See Desrosiers v. Sec'y of Health and Human Servs.*, 846 F.2d 573, 577 (9th Cir. 1988). The ALJ found that, under the

grids, Plaintiff was not disabled. AR 31-32. Plaintiff does not challenge the ALJ's reading of the grids, which appears correct. *See* 20 C.F.R. pt. 404, subpart P, App. 2, Rule 202.10 (indicating that an adult closely approaching advanced age with limited education but who is literate, can communicate in English, and can perform light work is not disabled).

The ALJ's correct Step 5 analysis renders his error regarding Plaintiff's past relevant work harmless. A district court may not reverse an ALJ's decision on account of an error that is "inconsequential to the [ALJ's] ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (internal quotation marks and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed by an error by the ALJ. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009). Plaintiff is not entitled to disability benefits if there are other jobs existing in the national economy that she is also able to perform, even if she is unable to perform her past relevant work. *See* 20 C.F.R. § 1505(a). Accordingly, the ALJ's error in considering Plaintiff's work as a cashier as past relevant work was harmless because the ALJ's alternative conclusion that Plaintiff could perform other work was supported by substantial evidence. *See Brawner v. Sec'y of Health & Human Servs.*, 839 F.2d 432, 434 (9th Cir. 1987) (per curiam) (holding that ALJ error in classifying claimant's past relevant work as "light" were harmless where he found that plaintiff was able to perform other light work).

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that the ALJ applied the correct legal standards and that his findings are supported by substantial evidence.

/////

/////

/////

/////

/////

V.  **ORDER**

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion for summary judgment is DENIED.

2. Defendant's motion for summary judgment is GRANTED.

3. The clerk is instructed to close the file.

Dated: March 27, 2017



SUSAN VAN KEULEN
United States Magistrate Judge